UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                              Criminal No. 18-04 (DWF/LIB)

          Plaintiff,

v.                                                    **ORDER AND MEMORANDUM**

Leo Wayne Cook,

          Defendant.

This matter is before the Court pursuant to the United States of America's ("the government") Motion for Revocation of the Magistrate Judge's Order for Release dated May 14, 2018.  (Doc. No. 58.)  The government has moved this Court for an order of revocation pursuant to 18 U.S.C. §§ 3142, 3145, and 3148.  Defendant Leo Wayne Cook ("the defendant") opposes in all respects the government's motion.  (Doc. No. 61.)  For the reasons stated below, the Court grants the government's motion and therefore revokes the Pretrial Release Order and directs that until further order of this Court, the defendant shall remain detained.  The Court specifically finds, pursuant to 18 U.S.C. §§ 3142, 3145, and 3148 that there is no condition or combination of conditions that will reasonably assure the defendant's appearance, as required, and the safety of the community.

Based upon the presentations and submissions of the parties, the Court having reviewed the decision of the Magistrate Judge, and the Order filed in that case, including

the transcript of the hearing in the case, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.\quad The government's Motion for Revocation of Release Order (Doc. No. [58]) is **GRANTED**.  The Court specifically finds, pursuant to 18 U.S.C. § 3142 that there is no condition or combination of conditions that will reasonably assure the defendant's appearance, as required, or to reasonably assure the safety of the community.

Dated:  May 18, 2018\quad\quad s/Donovan W. Frank
\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad DONOVAN W. FRANK
\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad United States District Judge

## MEMORANDUM

On December 7, 2017, the defendant was charged with a violation of the Controlled Substance Act.  (Doc. No. 1.)  The defendant was alleged to have possessed more than 500 grams of heroin.  As the parties are aware, a detention hearing was held on December 20, 2017.  (Doc. No. 8.)  At that time, the government moved for detention of the defendant.  That motion was denied and the defendant was released on specific conditions.  *Id.*

Unfortunately, the defendant has violated the conditions of his release on a number of occasions by having positive drug tests despite the support and supervision of the Probation Officer in this case.  On January 5, 2018, the United States Probation and Pretrial Services Office conducted a drug test at the United States Probation Office in

Bemidji, Minnesota, on the defendant, and the result was returned from the Alere Laboratories as negative; however, the laboratory reported that the specimen result was invalid due to the sample being diluted. On January 19, 2018, the defendant submitted to a drug test, which was confirmed positive for marijuana. On April 12, 2018, the defendant tested positive for opiates pursuant to a urinalysis. The test was confirmed positive for morphine by Alere Laboratories on April 16, 2018. On April 13, 2018, the defendant submitted another urine sample which was confirmed positive for morphine by Alere Laboratories on April 16, 2018. On April 30, 2018, the defendant again reported to the United States Probation and Pretrial Services Office for the purpose of attending a urinalysis test. The defendant again tested positive for opiates. When questioned about the positive test, the defendant stated, "He had nothing to say." On May 4, 2018, the drug test was confirmed positive for morphine. This was all occurring notwithstanding the probation officer's continued support and substance abuse treatment programming to and for the defendant. Notwithstanding the defendant's continued attendance at a substance abuse treatment program, he continued to use. For these reasons, the Court finds that the defendant is unlikely to refrain from substance abuse notwithstanding the halfway house placement and substance abuse programming.

      The government has also alleged that the defendant is the source of supply of at least 150 grams of heroin. At the detention hearing, the government submitted the testimony of a state trooper who had stopped the defendant's mini-van in Hubbard County. At that time, the trooper found more than 500 grams of heroin in the mini-van.

Moreover, the government alleges that when the defendant was taken into custody on May 7, 2018, he handed to his lawyer a "large roll of money."

The government now seeks *de novo* review by this Court of the Magistrate Judges's Order releasing the defendant on the condition that he participate in treatment and remain in a halfway house.

Pursuant to Rule 46(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3142, the Court considers the following factors in assessing the detention of the defendant:

(1)  the nature and circumstances of the offense charged, including whether the offense involves . . . a minor victim;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person, including—

  (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B)  whether, at the time of the current offense or arrest, the person was on probation . . . .

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Pretrial detention may be ordered either upon a clear and convincing showing that release would result in a danger to the community or upon a showing by a preponderance of the evidence that the release will result in a serious risk of flight. *United States v.*

4

*Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The Court acknowledges that it has an obligation both on a pretrial basis, sentencing basis, and post-sentencing basis to carefully review and implement conditions that will address a serious chemical dependency problem. That is precisely what the court and the Probation and Pretrial Services Office attempted to do in this case notwithstanding the devastation that heroin and other drugs are having on the communities within which the defendant has been living and within the communities within which we all live. Notwithstanding these issues, the defendant has repeatedly violated his conditions of release, despite the support of his probation officer and strict conditions of pretrial release, including substance abuse treatment programming, as noted. For these reasons, the Court concludes that there is clear and convincing evidence that the release of the defendant will result in a danger to the community, even if the Court is not concerned with risk of flight of this defendant. Consequently, the Court concludes that there is no condition or combination of conditions that can reasonably assure the safety of

the community. For these reasons, the Court has granted the government's motion and the defendant will remain detained.[1]

D.W.F.

---

[1] The Court carefully considered the alternative of a halfway setting with strict conditions. However, given the numerous violations the defendant has had and the serious crime within which he is charged, the Court has concluded that there do not exist those combinations of conditions that will reasonably assure the safety of the community.