**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,  Criminal No. 18-04 (DWF/LIB)

        Plaintiff,

v.  **ORDER ADOPTING REPORT AND RECOMMENDATION**

Leo Wayne Cook,

        Defendant.

# INTRODUCTION

This matter is before the Court upon the first motion of Defendant Leo Wayne Cook ("Defendant") to suppress the search of his vehicle. (Doc. No. 41.) Defendant argues that a legal traffic stop turned into a seizure and unlawful search under the Fourth Amendment because there was no articulable and reasonable suspicion of criminal activity to justify his continued detention, and because he did not consent to a search of his vehicle. (Doc. No. 63 ("Supp.") at 5- 14.) Plaintiff United States of America ("Plaintiff") argues that the search was lawful under the automobile exception to the Fourth Amendment's warrant requirement because there was probable cause to search Defendant's vehicle when a trooper detected the odor of unburnt marijuana at the inception of the stop. (Doc. No. 71 at 4-6.)

# BACKGROUND

This matter was previously submitted to Magistrate Judge Leo I. Brisbois, who issued a Report and Recommendation on June 19, 2018 (Doc. No. 72 ("R&R")).

Magistrate Judge Brisbois determined that the trooper's testimony that he smelled unburnt marijuana at the inception of the stop was "not entirely credible" because it was not supported by the totality of the record. (R&R at 12-13.) Magistrate Judge Brisbois ultimately concluded that the detention and seizure of Defendant was in violation of the Fourth Amendment and recommended that this Court grant Defendant's First Motion to Suppress Search of Defendant's Vehicle. (*Id.* at 24-25.) Plaintiff objected both to the finding that the officer's testimony was not credible and that Defendant's motion should be granted. (Doc. No. 79.) Plaintiff also moved this Court for a *de novo* evidentiary hearing to assess the trooper's credibility and to determine the issue of suppression. (*Id.*)

On August 22, 2018, the Court granted Plaintiff's motion for a *de novo* hearing and declined to adopt the R&R at that time. (Doc. No. 86.) A *de novo* evidentiary hearing was held on September 25, 2018. The Court has considered the testimony at the hearing and conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The Court now vacates its initial order (Doc. No. 86) and adopts Magistrate Judge Brisbois' R&R for the reasons stated below.

## ANALYSIS

The factual background for the above-entitled matter is clearly and precisely set forth in the R&R and is incorporated by reference for purposes of Plaintiff's objections. The Court finds that Magistrate Judge Brisbois correctly concluded that the trooper's testimony is not supported by the totality of the record. The *de novo* hearing did not alter this finding. Specifically, the Court finds that the trooper's testimony that he smelled

2

unburnt marijuana at the inception of the stop is undermined by the audio recording of a conversation between he and another officer concerning their failure to smell unburnt marijuana in the car prior to Defendant admitting it was there. (Supp., Ex. 1 "Squad Car Audio" at 12.) The Court also finds that the trooper's request for a canine, and repeated attempts to obtain Defendant's consent to search his vehicle belie his assertion that he smelled unburnt marijuana. Had he smelled unburnt marijuana at the inception of the stop, neither a canine nor consent would have been necessary to search Defendant's car. *United States v. Beard*, 708 F.3d 1062, 1066 (8th Cir. 2013).

Plaintiff argues that the trooper's testimony is not at odds with the Squad Car Audio because people smell differently and it is possible that the wind blew the smell of marijuana away prior to the arrival of the second officer. (Doc. No. 95 at 6.) Plaintiff further discounts the Squad Car Audio by arguing that it was difficult to understand on account of the wind. (*Id.* at 7.) The Court is not convinced. The testimony at the *de novo* evidentiary hearing reaffirms Magistrate Judge Brisbois' finding that the trooper's testimony is not supported by the totality of the circumstances before the Court.

Further, the Court finds that Defendant was seized when he was asked to choose between consenting to a search or waiting for a canine to conduct a dog-sniff of his vehicle. "A person has been "seized" within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have been believed that he was not free to leave. . . ." *U.S. v. Mendenhall*, 446 U.S. 544, 55 (1980). The trooper's testimony at the *de novo* hearing did not undermine Magistrate Judge Brisbois' correct analysis of *U.S. v. Beck*, 140 F.3d 1129 (8th Cir. 1998)

3

and *U.S. v. Jones*, 269 F.3d 919, 922 (8th Cir. 2001), in determining that Defendant was not reasonably free to leave when presented with the choice to consent to a search or wait for a canine. (*See* R&R at 1-25.)

Setting aside the trooper's testimony that he smelled unburnt marijuana, the remaining circumstances, even considered in their totality, do not provide a sufficient basis to form a reasonable and articulable suspicion that Defendant was engaged in criminal activity. Magistrate Judge Brisbois provides a detailed factual analysis to properly conclude that even the sum of evidence is not greater than its parts. (R&R at 23-25). Taken together, the Defendant's two cell phones, fast food wrappers, nervousness, and travel destination, are simply not enough to justify Defendant's seizure. Nothing the trooper said at the *de novo* hearing alters this analysis.

Plaintiff objects to Magistrate Judge Brisbois' conclusion, arguing that the totality of the circumstances, even without the trooper's testimony that he smelled unburnt marijuana, supports a finding that probable cause existed to search Defendant's vehicle. (Doc. No. 79 at 6, 11-12.) Specifically, Plaintiff cites Defendant's admission that there was marijuana in the car. (*Id.* at 12.) While this admission may have provided probable cause if it was made at the inception of the stop, the Court agrees with Magistrate Judge Brisbois' finding that the admission occurred after the stop had already transformed into an unlawful seizure. (R&R at 15.) Because Defendant did not admit to the marijuana until well after the conclusion of the traffic stop, the admission cannot justify the initial seizure. The Court finds that Magistrate Judge Brisbois properly evaluated the totality of the circumstances and agrees that the trooper lacked the reasonable articulable suspicion

4

that Defendant was engaged in criminal activity necessary to justify expansion of the stop. Therefore, the detention and seizure of Defendant was conducted in violation of the Fourth Amendment.

## CONCLUSION

After conducting a *de novo* evidentiary hearing and carefully considering Defendant's objections, the Court finds no reason that would warrant a departure from Magistrate Judge Brisbois' recommendation. Based upon the *de novo* evidentiary hearing, *de novo* review of the record, all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. The Court's order (Doc. No. [86]) declining to adopt Magistrate Judge Leo I. Brisbois' Report and Recommendation dated June 19, 2018 is **VACATED**.

2. Plaintiff United States of America's objections (Doc. No. [79]) to Magistrate Judge Leo I. Brisbois' Report and Recommendation dated June 19, 2018 are **OVERRULED**.

3. For the reasons stated above, Magistrate Judge Leo I. Brisbois' Report and Recommendation dated June 19, 2018 (Doc. No. [72]) is **ADOPTED**.

4. Defendant Leo Wayne Cook's First Motion to Suppress Search of Defendant's Vehicle (Doc. No. [41]) is **GRANTED**.

Dated: October 29, 2018     s/Donovan W. Frank
            DONOVAN W. FRANK
            United States District Judge